(34 Misc. Rep. 154.)

### LEVENE v. HAHNER.

(Supreme Court, Appellate Term. February 25, 1901.)

COURTS—COSTS—ACTIONS REMOVED—LAW APPLICABLE.

Code Civ. Proc. § 3216, provides that an action in the district court of the city of New York, when the amount claimed exceeds $100, shall be removed to the city court of the city of New York on the application of defendant and his giving bond; that when so removed all the papers must be removed to the latter court, and it has cognizance of the action. Section 3347, subd. 13, provides that Code, c. 21, tits. 1–3, apply only to an action in one of the courts specified in subdivision 4, which specifies the supreme court, the city court of the city of New York, or a county court. Chapter 21, tit. 1, § 3228, subd. 4, provides that in actions within that subdivision, where the complaint demands judgment for a sum of money only, plaintiff is not entitled to costs, unless he recovers $50 or more. Plaintiff sued in the district court to recover $100 for loss of a bicycle by defendant. On defendant's application, the cause was removed to the city court of New York, where plaintiff recovered a verdict for $43.75. *Held*, that plaintiff was not entitled to costs, and that costs should be taxed in favor of defendant, as plaintiff recovered less than $50, and section 3228, subd. 4, is not limited by section 3347, subd. 13, to actions commenced in a court of record, but applies to all actions in such courts, including those commenced in the district court and transferred to the city court.

Appeal from city court of New York, general term.

Action by Jennie Levene against John Hahner. From an order of the general term of the city court of New York (66 N. Y. Supp. 480) reversing an order of the special term, which denied plaintiff's motion for taxation of costs, defendant appeals. Reversed.

Argued before ANDREWS, P. J., and O'GORMAN and BLANCHARD, JJ.

Robert L. Turk, for appellant.
Julius Lehman, for respondent.

ANDREWS, P. J. This is an appeal by the defendant from an order of the general term of the city court, which reversed an order of the special term of that court, which latter order denied plaintiff's motion to vacate and set aside the defendant's taxation of costs,

and which permitted the plaintiff to tax a bill of costs in accordance with the provisions of the Code of Civil Procedure. The action was commenced on November 10, 1896, in the Eighth judicial district court, for the recovery of the sum of $100, as damages for the loss of a bicycle belonging to the plaintiff through the alleged negligence of the defendant, who was a common carrier. On the return day of the summons the defendant appeared in said district court and joined issue, and presented an undertaking, as prescribed in section 3216 of the Code of Civil Procedure, to the justice, who thereupon granted an order for the removal of the action to the city court; and such order of removal, and all the papers in the action, were filed in that court on the 23d day of November, 1896. The action came on for trial before a justice of that court and a jury, on June 15, 1900, and a verdict was rendered by the jury for the plaintiff in the sum of $43.75. On June 16, 1900, the defendant presented a bill of costs to the clerk of the city court for taxation. The plaintiff opposed the taxation of costs in favor of the defendant, but the clerk taxed the defendant's costs at the sum of $71.78. Thereafter, upon an order to show cause, a motion was made at a special term of the city court for an order to vacate the taxation of defendant's costs, which motion was denied. The plaintiff thereupon appealed from the order denying such motion to the general term of the city court, which granted an order reversing said order of the special term, setting aside the clerk's taxation of defendant's costs, and directing the clerk to tax a full bill of costs in favor of the plaintiff, in accordance with the provisions of the Code respecting costs, and this appeal is taken from said last-named order.

The defendant claims the right to tax costs in this action under the provisions of subdivision 4 of section 3228 of the Code, which provides that when an action comes within that subdivision, and the complaint demands judgment for a sum of money only, the plaintiff is not entitled to costs unless he recovers the sum of $50.

1. The plaintiff contends that said section of the Code does not apply to this case, for the following reason: Subdivision 13 of section 3347 of the Code of Civil Procedure provides: "In chapter 21, tits. 1, 2, and 3, apply only to an action in one of the courts specified in subdivision 4 of this section." And subdivision 4 provides: "The remainder of chapter 5 and the whole of chapter 6 apply only to an action commenced on or after the first day of September, 1877, in the supreme court, the city court of the city of New York or a county court." The plaintiff's counsel claims that said subdivision 13 of section 3347, therefore, limits the application of section 3228 to actions commenced in a court of record; but this contention is not well founded, for said subdivision 13 provides that titles 1, 2, and 3 of chapter 21 shall apply only to an action in one of the courts specified in subdivision 4, and not to an action commenced in one of the courts specified in said subdivision 4. Even if the plaintiff's contention in this respect could be sustained, I do not see how it would help him; for he has confessedly taxed his costs at the amounts allowed by the Code of Civil Procedure.

2. It would seem that the order of the general term was based

upon the theory that the plaintiff was entitled to recover costs at the rates allowed by the Code of Civil Procedure in actions commenced in courts of record, but that the defendant is not entitled to the benefit of the provision of subdivision 4 of said section 3228, which declares that the plaintiff is not entitled to costs unless he recovers the sum of $50 or more. I do not see how this view of the matter can be sustained. If the provisions of the Code in relation to costs in courts of record apply to this action at all, then all such provisions must apply; for there is no ground upon which it can be consistently claimed that the plaintiff is entitled to the benefit of such provisions, but is not subject to the restrictions contained therein. It therefore becomes necessary to consider what provisions of law do apply to the costs in this and similar actions. The provisions of said section 3216 of the Code of Civil Procedure, now superseded by the provisions of section 1366 of the Greater New York charter, are mandatory, and, when such provisions have been complied with, it is the duty of the justice to whom the undertaking is presented to grant the order of removal, and said section, among other things, provides as follows:

"From the time of the granting of the order the city court of the city of New York has cognizance of the action; and the clerk of the district court must forthwith deliver to the clerk of said court all process, pleadings and other papers in the action, and certified copies of all minutes, entries and orders relating thereto; which must be filed, entered or recorded as the case requires in the latter's office."

Neither the Code of Civil Procedure, nor any other statute, so far as I can discover, in express terms declares what costs either party to an action so removed shall be entitled to, and the matter must therefore be determined by such inferences as can be reasonably drawn from existing statutes.

I see no ground upon which it can be claimed that the provisions of law as to costs in actions commenced in district courts—now the municipal court—apply to actions which have been removed from those courts to the city court. Those provisions, by their terms, apply to those actions only which are pending in, and are disposed of by, those courts, and said section 3216 declares that from the time the order of removal is granted the city court has cognizance of the action; and this seems to me to imply that the provisions of the Code which regulate costs in actions commenced in the city court shall apply to actions removed to that court. It was undoubtedly one of the objects of the legislature in establishing district courts, and their successor, the municipal court, to provide courts in which persons having small claims might obtain a speedy and inexpensive trial of actions brought to recover the same, and the costs allowed by statute in actions commenced and brought to trial in those courts are accordingly much smaller than those allowed in actions brought in courts of record. At the time when the present action was commenced the jurisdiction of the district courts was limited in cases like the one at bar to those in which the amount claimed did not exceed $250, but the legislature saw fit to provide that, where the amount claimed exceeded $100, the action might be removed into

the city court; and it seems reasonable to suppòse that, as the ab-
solute right to remove an action to the city court was given by the
statute merely because the amount involved exceeded $100, the legis-
lature must have intended that the provisions of the Code which are
applicable to actions involving even less than that amount, com-
menced in courts of record, should apply to those which are so re-
moved.

Some cases have been cited in the briefs of counsel in which it
was apparently held by the former court of common pleas that an
action which had been removed from a district court into that court
continued, in a certain sense, and for certain purposes, to be an
action in the district court. I do not consider it necessary, however,
to examine those cases, and undertake to decide how far the deci-
sions in them were justified by a dictum of the court of appeals,
nor whether they can be regarded as well-considered and authorita-
tive cases, for the sole question in this case is as to what law regu-
lates the question of costs; and it is not claimed by either side that
the statutes regulating costs in district courts apply to this action,
and in fact the plaintiff has been authorized to tax his costs at the
amounts allowed by the Code of Civil Procedure. My conclusion is
that the provisions of the Code of Civil Procedure in relation to
costs in courts of record apply to this action, and that, as the plain-
tiff did not recover $50, he was not entitled to costs, and that the
defendant was; and this view is in accordance with the decision
in Mattes v. Pause (Com. Pl.) 19 N. Y. Supp. 222. It is, of course,
to be regretted if this decision causes hardship to the plaintiff, who
would have been entitled to the costs allowed in district court ac-
tions, if the case had not been removed to the city court. There
is this to be said, however, that, if he had not claimed more than
twice as much as he recovered, the action could not have been re-
moved; and under section 1366 of the Greater New York charter,
which now controls in the matter of removing actions from the
municipal court to the city court, the right to such removal does
not exist unless the amount claimed exceeds $250, and persons bring-
ing actions in that court can prevent the exercise of the right of
removal by limiting their claim to such sums, less than that amount,
as they have reasonable grounds to think they can recover.

The order of the general term should be reversed, and the order
of the special term affirmed, with costs. All concur.